JOSEPHINE DePEOLE, BY HER NEXT FRIEND, ALBERT DePEOLE, AND ALBERT DePEOLE, INDIVIDUALLY, PLAINTIFFS, v. PASSAIC CITY STEAM LAUNDRY, A CORPORATION, AND SOL GOLDBERG, DEFENDANTS.

Argued October 6, 1926—Decided June 27, 1927.

**Negligence—Injury to Pedestrian by Motor Vehicle—Trial Judge Charged That There was No Evidence Which Would Justify an Award For Any Results the Plaintiff Might Suffer in the Future—Held, That the Trial Judge Erred in Limiting the**

Damages as he Did—Held, Further, That the Award was Inadequate Without Any Regard to Future Conditions—Verdicts Look Like Compromise Verdicts—New Trial Awarded.

On plaintiffs' rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Weinberger & Weinberger.*

*Contra, Wayne Dumont* and *William V. Rosenkrans.*

PER CURIAM.

This case is before this court on a rule to show cause allowed on application of the plaintiffs. The plaintiffs were Josephine DePeole, an infant of eleven years of age, and Albert DePeole, her father. The defendants were the Passaic City Steam Laundry, a corporation, and Sol Goldberg. The action arose out of an automobile accident. The infant plaintiff on April 13th, 1925, took a bus to go to the borough of Lodi. She alighted from the bus in Lodi when it stopped on Main street facing in the direction of West Passaic. She then walked in front of the bus which had stopped behind another bus. She began to cross the street. She maintained that she looked to the right and left and the road was clear. When she reached the first street railway track she was struck by an automobile of the Passaic City Steam Laundry driven by Goldberg. The contention was that the automobile was being driven rapidly and that no signal of its approach was given. The infant plaintiff was taken to a hospital. She remained there from April 13th to May 3d, 1925. She continued under the care of a physician until December 4th, 1925. She suffered a fractured skull, a fracture of the twelfth rib on the right side, a cut above the left eye which caused a protrusion of the eye, a cut upon the chin, and a bleeding from the right ear. The sight of the eye was saved. The wounds over the eye and upon the chin required stitches. The injuries were painful. There was also proof that the

infant plaintiff was permanently disfigured, in that one eye is smaller than the other, and in that there is a difference in the appearance of one side of the face from the other; that she still complains of headaches; that her eyes water; that she has lost weight, is nervous, and screams in her sleep. None of these conditions were present before the accident.

The physician's bill was $150. The infant plaintiff obtained from the jury a verdict of $400. The father obtained a verdict of $286.90. It is contended, first, that these verdicts are inadequate, and secondly, that the court erred in telling the jury that there was no evidence which would justify them in awarding damages for any results the plaintiff might suffer in the future.

The evidence as to any continuing results of the injuries is alleged to have been nullified by the testimony of the doctor, because he did not testify to the nervousness or the conditions of the infant plaintiff which were described by other witnesses. As to the disfigurements due to the scars it is claimed that there is no allegation in the complaint claiming damages therefor. We have reached the conclusion that the trial judge was in error in limiting the damages as he did. The conditions which were observed by the mother and father of the child would naturally be more within their observation than that of the doctor. They saw the child frequently; the doctor seldom. As to the complaint it is true that it does not specifically claim damages for permanent disfigurements, but it does state that "she will be unable to enjoy the pleasures which she had heretofore enjoyed prior to said injuries." While the allegation is by no means broad, it seems to us there is sufficient in it to apprise the defendant that damages for future conditions would be claimed. When evidence was offered as to such conditions it was incumbent on the defendant to object to it as not within the pleadings. If no objection were made then the evidence was part of the case and fairly within the future damages that might be suffered as charged.

On the question of damages we feel that they are inadequate without any regard to any future conditions. The

44

evidence showed reasonably severe injuries and lacerations causing much discomfort and pain. The inadequacy of the damages taken in connection with the portion of the charge referred to requires that the case be sent back for a new trial.

The plaintiffs ask that these verdicts stand as fixing the liability of the defendant and the new trial be limited to the question of damages. Upon reading the testimony we have reached the conclusion that the jury had some doubt as to whether the infant plaintiff had not been guilty of contributory negligence and perhaps some doubt as to the negligence of the defendants. The verdicts look like compromise verdicts. We think there should be a retrial not only upon the subject of damages but upon the question of liability.

The rule to show cause is made absolute.